JAMES H. RUTTER and MARIE R. RUTTER, ET AL., Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Rutter v. Commissioner
Doc. Nos. 15061-81, 6343-82.
United States Tax Court
T.C. Memo 1986-407; 1986 Tax Ct. Memo LEXIS 48; 52 T.C.M. (CCH) 326; T.C.M. (RIA) 86407; November 24, 1986
*48 SCOTT ORDER
On September 26, 1986, respondent filed a Motion to Revise Opinion in which he recited that the Court in its opinion filed August 28, 1986, had failed to find the amount of reasonable compensation by J. H. Rutter Manufacturing Co., Inc. (Rutter Rex), to James H. Rutter and Eugene J. Rutter for the calendar year 1979 and requested that the opinion be revised to make such a finding. On October 1, 1986, petitioners filed a Motion for Reconsideration and Revision of Findings of Fact and Opinion and Request for Further Trial in which they alleged that there were a number of errors in the opinion and requested specific revisions in the opinion and that the Court reopen the record for further trial to permit the introduction of further evidence. Petitioners requested the Court to find the reasonable compensation for services rendered by James H. Rutter and Eugene J. Rutter to Rutter Rex in the year 1979. Petitioners further requested the Court to revise its determination with respect to accumulated earnings tax, specifically requesting that the amount determined by the Court to be the purchases of materials and supplies in 1977 and 1978 be corrected, that Exhibit *49 A attached to the opinion be corrected to use in the computations the correct amount of materials and supplies purchased, that the Court change its holding with respect to the use of a credit cycle in determining the working capital needs of Rutter Rex under the so-called Bardahl Formula, and that the Court revise its holding with respect to reasonable compensation for James H. Rutter and Eugene J. Rutter for the years 1976, 1977 and 1978 to find that the amounts paid as compensation by Rutter Rex to the two Mr. Rutters were reasonable. Petitioners in this motion further asked that the record be reopened to receive further evidence with respect to invoices paid by Rutter Rex and amounts of discount allowed on those invoices and to receive evidence of activities engaged in by Rutter Rex in 1982, 1983, 1984 and 1985. The premises considered, and for reasons more fully set forth in the Memorandum Sur Order attached hereto, it is ORDERED that respondent's Motion to Revise Opinion to find amounts of reasonable compensation by Rutter Rex to James H. Rutter and Eugene J. Rutter for the year 1979 and so much of petitioners' Motion for Reconsideration and Revision of Findings of Fact and *50 Opinion and Request for Further Trial as requests the Court to make a specific finding of the reasonable compensation for James H. Rutter and Eugene J. Rutter by Rutter Rex for the year 1979 is granted. It is further ORDERED that the opinion filed by the Court on August 28, 1986 (T.C. Memo. 1986-407), is revised as follows: (1) By deleting the first table appearing on page 45 of the slip opinion and substituting therefor the following: Year
James H. Rutter
Eugene J. Rutter
1976
$469,000 $364,000 1977
495,000
386,000
1978
530,000
415,000
1979
579,000
445,000
(2) By deleting the second table appearing on page 45 of the slip opinion and substituting therefor the following: Year
James H. Rutter
Eugene J. Rutter
1976
$229,100 $176,500 1977
249,600
183,800
1978
300,100
216,100
1979
345,200
245,100
(3) By deleting the table on page 47 of the slip opinion and substituting therefore the following: Year
James H. Rutter
Eugene J. Rutter
1976
$286,375 $220,625 1977
312,000
229,750
1978
375,125
270,125
1979
431,500
306,375
It is further ORDERED that petitioners' Motion *51 for Reconsideration and Revision of Findings of Fact and Opinion and Request for Further Trial is granted to the extent that the following changes are made in the opinion: (1) The last sentence beginning on page 62 and ending on page 63 and the first full sentence on page 63 of the slip opinion are deleted and the following is substituted therefor: The record reflects the receipt of of discounts much lower than this amount. (2) Footnote 21 on page 62 of the slip opinion is stricken. (3) Appendix A attached to the slip opinion is stricken and Appendix A attached to this Order is substituted therefor. It is further ORDERED that petitioners' Motion for Reconsideration and Revision of Findings of Fact and Opinion and Request for Further Trial is in all other respects denied. Irene F. Scott, Judge APPENDIX A
Bardahl Formula Computation -- 1977
Inventory Cycle
Cost of Goods Sold
$20,924,970
365
Average Inventory
$ 4,140,824
=
5.05
5.05
=
72.28 days
Accounts Receivable Cycle
Annual Net Sales
$25,013,767
365
Average Accounts Receivable
$ 1,959,380
=
12.77
12.77
=
28.58 days
*52 Credit Cycle on Materials
Purchases Only
Annual Materials Purchases
$12,178,661
365
Average Accounts Payable
$ 744,912
=
16.35
16.35
=
22.32 days
Credit Cycle on Total
Operating Expenses
Total Operating Expenses
$24,235,196
365
Average Accounts Payable
$ 1,615,100
=
15.00
15.00
=
24.33 days
Plus Accruals
Average
Days in inventory cycle
72.28
Days in accounts receivable cycle
28.58
100.86
Days in credit cycle -- materials cost only
-22.32
Days in operating cycle
78.54
78.54
365
= 22%
of year
Percentage times operating
expenses for year
22% X $24,235,196 = $5,331,743
$5,331,743
Expenditures for physical properties
200,665
Total working capital needs
$5,532,408
Average
Days in inventory cycle
72.28
Days in accounts receivable cycle
28.58
100.86
Days in credit cycle -- accounts payable
-24.33
plus accruals
76.53
76.53
365
= 20.94%
of year
Percentage times operating
expenses for year
20.94% X $24,235,196 = $5,074,850
$5,074,850
Expenditures for physical properties
200,665
Total working capital needs
$5,275,515
*53 Bardahl Formula Computation -- 1978
Inventory Cycle
Cost of Goods Sold
$19,368,152
365
Average Inventory
$ 4,159,272
=
4.66
4.66
=
78.33 days
Accounts Receivable Cycle
Annual Net Sales
$24,399,675
365
Average Accounts Receivable
$ 1,947,991
=
12.53
12.53
=
29.13 days
Credit Cycle on Materials
Purchases Only
Annual Materials Purchases
$10,419,224
365
Average Accounts Payable
$ 671,271
=
15.52
15.52
=
23.52 days
Credit Cycle on Total
Operating Expenses
Total Operating Expenses
$23,277,345
365
Average Accounts Payable
$ 1,862,113
=
12.50
12.50
=
29.20 days
Plus Accruals
Average
Days in inventory cycle
78.33
Days in accounts receivable cycle
29.13
107.46
Days in credit cycle -- materials cost only
-23.52
Days in operating cycle
83.94
83.94
365
= 23%
of year
Percentage times operating
expenses for year
23% X $23,277,345 = $5,353,789
$5,353,789
Expenditures for physical properties
$ 875,937
Total working capital needs
$6,229,726
*54 Average
Days in inventory cycle
78.33
Days in accounts receivable cycle
29.13
107.46
Days in credit cycle -- accounts payable
-29.20
plus accruals
78.26
78.26
365
= 21%
of year
Percentage times operating
expenses for year
21% X $23,277,345 = $4,888,242
$4,888,242
Expenditures for physical properties
875,937
Total working capital needs
$5,764,179
MEMORANDUM SUR ORDER
This Court, in its memorandum opinion (T.C. Memo. 1986-407) filed August 28, 1986, pointed out that one of the issues in this case involved reasonable compensation for Messrs. James H. and Eugene J. Rutter for the year 1979 and also whether part of the amount reported by Mr. Eugene Rutter as salary for that year was in fact a dividend not subject to the limitation provided for the year 1979 on earned income. In its opinion the Court discussed its method of determination of reasonable salaries for the two Mr. Rutters and based on that discussion stated its conclusion as to the amount of reasonable compensation of each of the Rutters by J. H. Rutter Rex Manufacturing Co., Inc. (Rutter Rex) for the years 1976, 1977 and 1978. The same *55 facts and figures on which this determinations was based are in the record for the year 1979. The Court in its Order granting respondent's Motion to Revise Opinion and part of petitioners' Motion for Reconsideration and Revision of Findings of Fact and Opinion and Request for Further Trial, revised its opinion to include the figures for 1979 in each place the figures for 1976, 1977 and 1978 appear. The revision of the opinion by adding the amounts for the year 1979 to each of these tables results in a determination of reasonable compensation for Mr. James H. Rutter of $431,500 for 1979 and for Mr. Eugene J. Rutter of $306,375 for that year based on the record as a whole. The opinion discusses in detail the basis of the conclusion reached as to reasonable salaries for the years 1976, 1977 and 1978. This same reasoning applies to the year 1979 and therefore no further revision of the opinion is needed to discuss the basis of the Court's determination of the reasonable salaries for Mr. James H. Rutter and Mr. Eugene J. Rutter for 1979. Petitioners in their Motion for Reconsideration and Revision of the Findings of Fact and Opinion and for Further Trial called attention to the fact *56 that the Court on page 62 of its opinion and in Appendix A attached to the opinion used incorrect figures for purchases of materials and supplies in the years 1977 and 1978. Petitioners in their motion pointed out to the Court the exhibit which contained the amounts used by the Court and also further pages setting forth additional amounts. After reviewing the record, the Court has concluded that petitioners are correct and that purchases of materials by Rutter Rex in 1977 were in the amount of $12,178,661 rather than the $5,816,071 used by the Court in Appendix A and referred to by the Court on page 62 of its opinion, and that purchases of materials by Rutter Rex for 1978 were in the amount of $10,419,224 rather than the $4,822,624 used by the Court in Appendix A and referred to by the Court on page 62 of its opinion. Therefore, in its Order the Court has revised its opinion by deleting the incorrect amount for materials purchased on the bottom of page 62 and the top of page 63 of its opinion and by deleting Appendix A as attached to the opinion and substituting therefor the corrected Appendix A attached to the Order. The Court has considered the revised computations in Appendix *57 A, using the correct figures for materials purchased, and upon consideration of these revised computations has concluded that the revision has no effect on the opinion as written. The Court did not use the computations in Appendix A as the basis of its opinion in the case since these computations resulted in a lower amount of working capital needs than the computations as set forth in Appendix B and Appendix C which, as the Court pointed out in its opinion, were preferable methods of computation. The computation on which the Court relied was the computation submitted by respondent's witness Gustav A. Gomprecht, as revised in Appendix C. This computation shows a higher amount of working capital needs in each of the years 1977 and 1978 than the revised computation in Appendix A. The main thrust of petitioners' argument in its Motion for Reconsideration and Revision of Findings of Fact and Opinion and Request for Further Trial with respect to the determination of the amount of working capital needed as computed under the so-called Bardahl Formula is that this case is not an appropriate case for use of a credit cycle. This is the same argument as made by petitioners in their original *58 and reply briefs. The record shows that at the end of every month and each of the years 1977 and 1978 there were substantial amounts of accounts payable as well as substantial amounts of accruals unpaid. Based on this evidence and all the other evidence of record, the Court concludes that the use of a credit cycle in this case is appropriate. The reasoning in this regard is discussed in detail in the opinion. Petitioners argue that the amounts of accounts payable are not substantial as compared to other amounts. The amounts of accounts payable at the end of each month are set forth in detail in the findings and discussed in the Court's opinion. The Court does consider the amounts of accounts payable in absolute amounts to be substantial. Petitioners further argue that the Court erred in determining that petitioners had failed to show immediate payment of all accounts payable. As the Court pointed out, there is testimony that many of the accounts payable were paid within 7 to 30 days after they were billed to the company. However, with the amounts involved, the availability of these funds for these periods of time may be of substantial benefit to Rutter Rex. The credit cycle *59 as determined in the appendix to the opinion range from 21 to 31 days. This is not a long credit cycle but certainly shows a credit cycle that makes funds available for Rutter Rex during that period of time. The accounts receivable cycle of Rutter Rex is not a long cycle in an absolute sense. The accounts receivable cycle as determined in the various computations ranges from 28 to 38 days. However, this does not mean that this cycle should not be considered in the computation under the Bardahl Formula. Also, the record contains no showing of the length of time that other accruals remained unpaid by petitioners, and, as discussed in the opinion, these other accruals are properly to be considered in the computation. Basically, petitioners' arguments in support of their Motion for Reconsideration and Revision of the Findings of Fact and Opinion and Request for Further Trial reiterate the arguments made initially by petitioners and rejected for reasons clearly set forth in the Court's opinion. Petitioners finally argue that the record should be reopened and the case set for further trial to permit petitioners to introduce all invoices with the dates of payment and to introduce *60 evidence with respect to activities of the company in the years 1982 through 1985. After long notice, the trial in this case was held and consumed 4-1/2 days of time. Petitioners were offered every opportunity to introduce evidence to support their position. Petitioners have shown no valid reason why the evidence they now wish to introduce would not have been available to be introduced at the original trial. Petitioners have not shown that the reopening of this case for the introduction of additional evidence is warranted. Petitioners, in support of their motion for reconsideration, make numerous other arguments with respect to discounts earned and with respect to other needs for working capital. These arguments are similar to arguments made by petitioners in their original and reply briefs and considered by the Court in making its determination in the opinion as filed, and therefore they warrant no further discussion. Petitioners also rehash their prior argument with respect to reasonable salaries for the two Mr. Rutters but add nothing new to their previous argument. The Court is entering an Order specifically determining reasonable compensation for the two Mr. Rutters for *61 1979 and making certains revisions in its opinion to use correct figures for materials purchased, but otherwise finds no merit in petitioners' Motion for Reconsideration and Revision of Findings of Fact and Opinion and for Further Trial. Therefore, except as to the items specifically ordered revised in the Court's Order, petitioners' Motion for Reconsideration and Revision of Findings of Fact and Opinion and Request for Further Trial is denied. Petitioners request that their motion be considered "en banc" by the Court. Such a motion is not properly addressed to this divisions of the Court and therefore is denied.